UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J.B. BLACK, SPN # 01214826, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:21-1796 |
| | § | |
| IRON HORSE SECURITY & INVESTIGATIONS, LLC, *et al.*, | § § § | |
| Defendants. | | |

## ORDER OF DISMISSAL

Plaintiff J.B. Black, proceeding *pro se*, filed this civil action while incarcerated in the Harris County Jail. Because Black is a prisoner and has not paid the filing fee, the Court is required by the Prison Litigation Reform Act to screen this case to determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). After reviewing the pleadings, the Court concludes that this action must be **DISMISSED** for lack of subject matter jurisdiction. The Court's reasons are explained below.

I. **BACKGROUND**

Black is detained in the Harris County Jail. Publicly available online records reflect that he is awaiting trial on forgery charges in Case No 1723527. *See* Jail Info, Harris County Sheriff's Office, available at https://www.harriscountyso.org/jailinfo/HCSO_FindSomeoneInJail.aspx (last visited June 28, 2021). He brings suit for breach of contract against two Defendants, Iron Horse Security & Investigations, LLC,

and Alan Steuart, and states that both Defendants have their principal place of business in Harris County (Dkt. 1, at 1). Black alleges that he paid Defendants $8,500 in 2019 to investigate and prepare his defense in a recent criminal action against him for insurance fraud. He alleges that Defendants failed to produce any receipts, work product or investigative reports regarding his case. He further alleges that he has suffered damages for harms including humiliation, embarrassment, loss of wages, false incarceration, emotional distress, and mental anguish (*id*. at 2).

Black executed his complaint on May 19, 2021, and it was docketed with the Court on May 24, 2021.[1]

## II. **LEGAL STANDARDS**

A court must dismiss an action at any time if it determines that it lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3). "A case is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)). Dismissal for lack of subject matter jurisdiction is warranted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish jurisdiction. *Venable v. La. Workers'*

---

[1] Before executing his complaint in this suit, courts in this judicial district had assigned Black two "strikes" under 28 U.S.C. § 1915(g) for filing civil actions that are frivolous, malicious, or fail to state a claim upon which relief can be granted. *See Black v. Burdette*, Civil Action No. 4:20-0928 (S.D. Tex. Mar. 21, 2020) (dismissing suit as frivolous and assigning strike); *Black v. Powell*, Civil Action No. 4:20-1985 (S.D. Tex. Dec. 7, 2020) (dismissing suit for failure to state a claim and assigning strike). The day after he executed his complaint in this case, another court assigned Black his third "strike" under § 1915(g). *See Black v. De La Torre*, Civil Action No. 4:20-1604 (S.D. Tex. May 20, 2021) (dismissing all claims for failure to state a claim upon which relief may be granted and as frivolous and assigning strike).

*Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

### III. **DISCUSSION**

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (internal citation and quotation marks omitted). One basis for subject matter jurisdiction in a federal district court is "federal question" jurisdiction over cases "arising under the Constitution, laws, or treaties

of the United States." *See* 28 U.S.C. § 1331. In this suit, Black brings a claim for breach of contract, which is a claim based on Texas law. There is no federal question on the face of Black's pleadings that can serve as the basis for jurisdiction in this Court. *See Settlement Funding*, 851 F.3d at 534.

A second basis for subject matter jurisdiction is "diversity jurisdiction," which requires an amount in controversy exceeding $75,000.00, exclusive of interest and costs, and complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332; *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). Black states that he is a resident of Harris County and that both Defendants have their principal place of business in Harris County. Therefore, the pleadings indicate the absence of complete diversity between the parties, and this Court may not exercise diversity jurisdiction. *See Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017) ("for diversity jurisdiction to exist under 28 U.S.C. § 1332, all persons on one side of the controversy must be citizens of different states than all persons on the other side") (citation, alteration, and internal quotation marks omitted).

Because no basis for subject matter jurisdiction is apparent from the pleadings, dismissal is required under Federal Rule of Civil Procedure 12(h)(3).

## IV. <u>CONCLUSION</u>

The Court now **ORDERS** as follows:

1. This civil action is **DISMISSED** for lack of subject matter jurisdiction without prejudice to Black's substantive claims.

2. All pending motions, if any, are **DENIED as moot**.

3. The Clerk is **INSTRUCTED** to provide a copy of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, this 30th day of June, 2021.

                                               GEORGE C. HANKS, JR.
                                               UNITED STATES DISTRICT JUDGE